**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

KENNETH L. SMITH,

                Plaintiff,

vs.                                                  Case No. 5:14-cv-668-Oc-18JRK

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

### I.  Status

Kenneth L. Smith ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is a result of a stroke, as well as difficulties with numerous activities of daily living and understanding instructions. Transcript of Administrative Proceedings (Doc. No. 15; "Tr." or "administrative transcript"), filed February 20, 2015, at 50, 60, 209. On August 22, 2011, Plaintiff filed an application for SSI, alleging an onset disability date of May 6, 2011.[2] Tr. at 134-37, 174-77 (duplicate). Plaintiff's application was denied

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy." Id.  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[2] The administrative transcript also contains an application for disability insurance benefits dated June 15, 2011, Tr. at 172-73, that is not at issue in this appeal.

initially, see Tr. at 49, 57, 71-77, and was denied upon reconsideration, see Tr. at 59, 70, 82-86, 91.

On April 11, 2013, an Administrative Law Judge ("ALJ") held a hearing, during which the ALJ heard testimony from Plaintiff, who was represented by counsel; a vocational expert ("VE"); and Plaintiff's mother. Tr. at 28-48. At the time of the hearing, Plaintiff was fifty (50) years old. Tr. at 31. Following the hearing, the ALJ issued a Decision on May 20, 2013, finding Plaintiff not disabled since the date the application was filed. Tr. at 14-23. On an unknown date, the Appeals Council denied Plaintiff's request for review, Tr. at 2, 4, 6,[3] thereby making the ALJ's Decision the final decision of the Commissioner. On December 4, 2014, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff advances one argument on appeal: the ALJ erred by failing to consider Plaintiff's "cardiomyopathy and congestive heart failure with an injection fraction of 30 to 35%" which resulted in the ALJ failing to consider all of Plaintiff's impairments in combination. See Plaintiff's Memorandum of Law in Opposition to the Commissioner's Decision Denying Plaintiff Entitlement to Supplemental Security Income Benefits (Doc. No. 17; "Pl.'s Mem."), filed April 23, 2015, at 1 (emphasis and capitalization omitted); see also id. at 5-8. On June 23, 2015, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 18; "Def.'s Mem.") responding to Plaintiff's argument.

---

[3]   The Notice of Appeals Council Action contained in the administrative transcript is undated. See Tr. at 2.

After a thorough review of the entire record and consideration of the parties' respective filings, the undersigned recommends that the Commissioner's final decision be affirmed for the reasons stated in this Report and Recommendation.[4]

## II. The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 16-23. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since August 9, 2011, the application date." Tr. at 16 (emphasis and citation omitted). At step two, the ALJ found that "[Plaintiff] has the following severe impairment: resolved stroke." Tr. at 16 (emphasis and citation omitted). At step three, the ALJ ascertained that "[Plaintiff] does not

---

[4] Plaintiff requests oral argument. See Pl.'s Mem. at 1. The undersigned has determined that oral argument is not necessary prior to the issuance of a Report and Recommendation regarding the resolution of Plaintiff's appeal.

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 17 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§] 416.967(b) except he is limited to frequent fine and gross manipulation with the right upper extremity. [Plaintiff] should avoid working at unprotected heights.

Tr. at 17 (emphasis omitted). At step four, the ALJ found that "[Plaintiff] has no past relevant work." Tr. at 21 (emphasis and citation omitted). At step five, after considering Plaintiff's age ("48 years old . . . on the date the application was filed"), education ("limited"), lack of significant work experience, and RFC, the ALJ relied on the testimony of the VE and found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 21-22 (emphasis and citations omitted), including "merchandise marker" and "cleaner/housekeeping," Tr. at 22. The ALJ concluded that Plaintiff "has not been under a disability . . . since August 9, 2011, the date the application was filed." Tr. at 23 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but

less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence."  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

As summarized above, Plaintiff's sole argument on appeal is that the ALJ erred in failing to consider his cardiomyopathy and congestive heart failure, which in turn resulted in the ALJ failing to consider the combined effects of Plaintiff's impairments.  Pl.'s Mem. at 1, 5-8.

Step two of the sequential evaluation process requires the ALJ to determine whether a claimant suffers from a severe impairment.  See 20 C.F.R. § 404.1520(a)(4)(ii).  At this step, "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work[.]"  Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984).  "[T]he

'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). In the context of a Social Security disability benefits case, a condition is severe if it affects a claimant's ability to maintain employment. See id. A claimant has the burden of proving that impairments are severe. See Bowen, 482 U.S. at 146 n.5 (recognizing the claimant's burden of proof at step two to show "a medically severe impairment or combination of impairments"). Further, "[t]he severe impairment either must have lasted or must be expected to last for at least 12 months." Davis v. Barnhart, 186 F. App'x 965, 967 (11th Cir. 2006) (unpublished) (citing Barnhart v. Walton, 535 U.S. 212, 216 (2002)).

A severe impairment interferes with a claimant's ability to perform "basic work activities." See Bowen, 482 U.S. at 141. The Regulations provide six examples of "basic work activities": "(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers, and usual work situations; and (6) Dealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b); see also Davis, 186 F. App'x at 966-67.

"The finding of any severe impairment, based on either a single impairment or a combination of impairments, is enough to satisfy step two because once the ALJ proceeds beyond step two, he is required to consider the claimant's entire medical condition, including impairments the ALJ determined were not severe." Burgin v. Comm'r of Soc. Sec., 420 F.

App'x 901, 902 (11th Cir. 2011) (unpublished).  To be sure, "[n]othing requires that the ALJ must identify, at step two, <u>all</u> of the impairments that should be considered severe."  <u>Heatly v. Comm'r of Soc. Sec.</u>, 382 F. App'x 823, 825 (11th Cir. 2010) (unpublished) (emphasis added); <u>see</u> <u>Jamison v. Bowen</u>, 814 F.2d 585, 588 (11th Cir. 1987) (recognizing that "the finding of any severe impairment . . . whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe" is sufficient to satisfy step two).

There are occasions when an ALJ identifies one or more impairments at step two but does not identify all of the impairments that should be considered severe.  Any error in omitting a particular severe impairment at step two, though, is harmless if "the ALJ considered all of [the] impairments in combination at later steps in the evaluation process." <u>Burgin</u>, 420 F. App'x at 903 (citation omitted); <u>see</u> <u>Heatly</u>, 382 F. App'x at 825 (stating that an "ALJ is required to demonstrate that [he or she] has considered all of the claimant's impairments, whether severe or not, in combination"); <u>Bowen v. Heckler</u>, 748 F.2d 629, 635 (11th Cir. 1984) (finding that an ALJ must make "specific and well-articulated findings as to the effect of the combination of impairments").

Plaintiff relies on a single treatment note in arguing that he suffered from cardiomyopathy and congestive heart failure and these impairments were not properly considered by the ALJ: a summary from Munroe Regional Medical Center authored upon Plaintiff's May 13, 2011 discharge after having suffered a stroke. <u>See</u> Pl.'s Mem. at 5 (citing Tr. at 266). On discharge, Plaintiff was diagnosed with the following: "acute cerebrovascular accident with right-sided weakness"; "cardiomyopathy with an ejection fraction of 35%";

"abdominal pain, resolved"; "dyslipidemia"; "positive tetrahydrocannabinol (THC) and cocaine use"; and "active smoker." Tr. at 266 (capitalization omitted); see also Tr. at 268 (duplicate).

Plaintiff does not cite and the undersigned has not located any other medical records documenting treatment for cardiomyopathy or congestive heart failure. Plaintiff did not meet his burden at the administrative level of showing these are severe impairments. Even if the ALJ somehow neglected to find them to be severe and should have, not all of the severe impairments must be identified at step two. See Heatly, 382 F. App'x at 825; Burgin, 420 F. App'x at 903. In other words, the omission at that step would be harmless as long as it is clear that the ALJ considered these impairments at later steps. See Heatly, 382 F. App'x at 825; Burgin, 420 F. App'x at 903. Here, it is clear the ALJ was aware of and considered at later steps the very diagnoses upon which Plaintiff now relies because the ALJ quoted the diagnoses almost verbatim in his Decision. Tr. at 18.

The ALJ also showed that he considered Plaintiff's impairments in combination when he specifically found that Plaintiff does not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 17 (emphasis and citation omitted). In so finding, the ALJ noted that "[n]o treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment [set forth in the above-cited] Listing of Impairments." Tr. at 17. These findings are supported by substantial evidence in the administrative transcript.

## V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

**RECOMMENDED**:

1. That the Clerk of Court be directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision; and

2. That the Clerk be further directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on December 30, 2015.

_James R. Klindt_
**JAMES R. KLINDT**
United States Magistrate Judge

kaw
Copies to:

Hon. G. Kendall Sharp
Senior United States District Judge

Counsel of record